150 So.2d 306 (1963)
Burie E. PARKER, Plaintiff-Appellee,
v.
James M. BROWN, Defendant-Appellant.
No. 9843.
Court of Appeal of Louisiana, Second Circuit.
January 2, 1963.
Rehearing Denied February 7, 1963.
*307 Wallace, Wyche & Bigby, Bossier, for defendant-appellant.
Paul G. Lee, Shreveport, for plaintiff-appellee.
Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
This is an action on a contract under which plaintiff-owner sought to recover from the defendant-contractor damages resulting from certain defects in the construction of a dwelling.
From a judgment in favor of plaintiff in the sum of $1,038.50, the defendant appealed. Plaintiff attempted to answer defendant's appeal. This answer was incorporated in his brief and, moreover, was not timely filed. Hence, no consideration may be given it.
The primary defense on behalf of the defendant is a plea of prescription of one year, provided with respect to redhibitory actions under LSA-C.C. Art. 2534. This plea is inapplicable. The action is on a construction contract wherein defendant agreed to construct a dwelling for plaintiff according to certain plans and specifications, on a certain-described lot owned by plaintiff. This action does not involve a sale. Hence the article of the code referred to is without application. The implied overruling of the plea was correct.
This action falls under the provisions of LSA-C.C. Art. 2769, reading:
"If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract."
Prescription appropriate to actions of this character is either five years or ten years, dependent upon the character of the construction, that is, whether wood or frame, or whether stone or brick. LSA-C.C. Arts. 2762, 3545. Neither of these codal provisions finds application to the facts of the instant case because of the length of time involved.
Plaintiff complains that the construction was defective in both workmanship and materials, and, therefore, was not in conformity with the contract. In eighteen specifications, plaintiff points out, in minute detail, the defects of which he complains. The cost of remedying these defects is allegedly $1,944.80.
The position of the defendant is that he erected the building in conformity with the plans and specifications, which construction was approved and accepted by the Veterans Administration, under whose supervision the building was erected. Moreover, it is contended plaintiff accepted the building as constructed and moved in; that many of the defects claimed to exist were mere matters of adjustment or maintenance. The defects allegedly relate to the failure to paint certain of the built-in features or fixtures or to properly caulk the windows; the use of one coat of paint where two were required, particularly on the exterior; to the shrinkage of the molding and other materials, leaving unfinished cracks; to the cracking of the brick walls of the house and of the ceramic tile floors and walls in the bathrooms; to the malfunctioning of the doors and windows; and to the furnishing of inferior and defective materials, such as the front door. Complaint was also made that the exterior of the house "mildewed" because of the inferior grade or quality of the paint used. The sidewalk was allegedly in need of replacement because of excessive cracking.
Expert witnesses testified on behalf of both plaintiff and defendant. In addition, the trial judge, accompanied by the litigants and their attorneys, at the instance of the attorneys, made a personal inspection of the premises.
*308 Testifying in great detail on behalf of plaintiff was Roland L. Saucier, Jr., a professional civil engineer and general contractor, who was a 1948 graduate of Louisiana Tech in civil engineering and who had completed courses prerequisite to the taking of an examination as an architect. With particularity, Saucier enumerated the defects in construction found by him on a personal examination and inspection of the premises. An opinion was also expressed by him as to the cost of each of the repairs or such reconstruction as was necessary.
C. L. Giddens, a general contractor with ten years' experience, made an examination and inspection of the premises and testified on behalf of the defendant. As an inspector for the Veterans Administration, he had made the final inspection of the construction herein concerned. This witness admitted the presence of many of the defects found by Saucier, but was of the opinion many were to be expected in a house two or more years old. Others were characterized as matters of adjustment or maintenance.
Defendant, nevertheless, contends there was a substantial compliance with the contract which, it is apparently conceded, is all that is required. Where plans and specifications are proper, and, if followed, will produce the desired results, there is no liability on the contractor if defects later appear unless it be shown that the materials used by the contractor were defective or that the workmanship was faulty. Therefore, if, after completion of the construction and acceptance by the owner, defects appear, the undertaker is liable to the owner, if the owner can show defective materials or faulty workmanship.
We are in general accord with the aforesaid statement of principles. However, we do not think they are applicable here. Foremost, the plans and specifications did not contemplate the use of poor workmanship or faulty materialsnor the result as shown to exist here. LSA-C.C. Art. 2762. The article of the Civil Code hereinabove quoted comprehends both defective construction and use of faulty materials. Delee v. Hatcher, 19 La.Ann. 98; Draube v. Rieth, La.App. Orleans, 1959, 114 So.2d 879, 883.
The defects herein complained of could only be accounted for or result from the use of either poor workmanship or defective materials, or both.
The failure to paint certain of the built-in features or to caulk the windows; the use of one coat of paint where two were specified; the shrinkage of the moldings and other materials, leaving unfinished and unsightly cracks; the breaking of the tile in bathroom floors and walls; and the furnishing of inferior and defective materials such as the hollow-core door, the cross membranes of which were exposed to view; were matters not contemplated by the contract. Nor do such defects usually or customarily follow when improvements have been constructed in accordance with the usual and customary practices of the building trades.
Therefore, the aforesaid defects are such as come clearly within the contemplation of LSA-C.C. Arts. 2762 and 2769.
No purpose can be served by a detailed discussion of the various items of damage complained of by plaintiff. The court obviously excluded the claim of $600.00 for the alleged defective sidewalk. Thus, in our computation, excluding such items as may be classified as mere adjustments or matters of maintenance, we find no manifest error in the amount held to be recoverable herein.
Therefore, the judgment appealed should be, and it is hereby, affirmed at defendant-appellant's cost.
Affirmed.