KNOLL, Judge.
Reliance Insurance Company (Reliance), the fire insurer of Terry Roy Foster, appeals the dismissal of its subrogation claim against William Wayne Wilson. Reliance paid Foster’s fire damage claim, and pursuant to the subrogation provisions of the insurance contract, instituted suit against Wilson, the bricklayer who constructed the fireplace where the fire originated.
Reliance appeals alleging that the trial judge: (1) impermissibly substituted his own opinion for that of a qualified expert; and, (2) committed manifest error. We affirm.
In June of 1984, pursuant to a verbal agreement between Foster and Wilson, Wilson built a chimney and firewall for a wood burning heater in a house owned by Foster. Wilson agreed to perform this job for approximately $250 to $350; all materials were supplied by Foster, who is in the business of building homes. On January 2, 1985, the house was partially destroyed by fire. The fire was allegedly caused by Wilson’s failure to insert a flue liner in the chimney.
Reliance contends that the trial judge substituted his own opinion for that of Mr. Fred H. Vanderbrook, Jr., who was accepted by the court as an expert in the field of failure and damage analysis relating to fires. We disagree with this contention and find that Reliance misconstrued the decision of the trial judge. The trial judge gave oral reasons for judgment and clearly stated “And although Mr. Vanderbrook, who is a well qualified engineer and expert in the field of the cause and origin of fires, feels that there should have been a flue liner, and the Court would tend to agree that there should be a flue liner in light of the evidence I’ve heard.” Thus, the trial judge accepted Mr. Vanderbrook’s expert opinion. The trial judge’s reasoning clearly shows that he did not find Wilson negligent primarily for three reasons: (1) Foster, who was in the house building business, was not uninformed about building practices and procedures; (2) Foster verbally contracted only for Wilson’s labor; and, (3) Foster supplied all materials and made no requirement for a flue liner. This can be discerned from the judge’s following language:
"... Mr. Wilson did what he was asked to do by Mr. Foster. Mr. Foster was not the typical householder. He was not uninformed about building practices and procedures. He had had Mr. Wilson do chinmey work for him in the past. Mr. Foster made no requirement for a flue liner, and under the circumstances that existed between those two individuals at the time in question, considering their background and the agreement they reached, the Court does not believe it was negligence on the part of Mr. Wilson to build the chimney without a flue liner.”
The record shows that Wilson and Foster entered a verbal agreement whereby Wilson was obligated to build a chimney and fire wall, with Wilson furnishing the labor only, and Foster furnishing the materials. The wood burning heater, to which the chimney would ultimately be attached, was not in the house at the time the chimney *1240 was built. Nor did Foster tell Wilson what kind of heater would be attached to the chimney or provide Wilson with any instructions pertaining to the heater.
Wilson testified that he usually provides his customers with a list of materials needed to complete the job. However, Wilson stated that since Foster had been in the construction business for ten years, he assumed Foster knew what materials were needed.
There were no discussions about a flue liner. A flue liner was not furnished by Foster, and the record reflects that there had been previous chimney work by Wilson for Foster where a flue liner was not inserted in the chimney. Foster testified that the chimney in the house in which he resides does not contain a flue liner.
Where plans and specifications are proper, and, if followed, will produce the desired results, there is no liability on the contractor if defects later appear. Parker v. Brown, 150 So.2d 306 (La.App. 2nd Cir.1963). We have carefully reviewed the record and find that Wilson substantially complied with the specifications provided him by Foster. Assuming that the fire was the result of the absence of a flue liner, then Wilson cannot be cast at fault for failing to install one since the agreement did not include a flue liner.
Finally, Reliance contends that the trial court committed manifest error in holding that Wilson was relieved of liability because Foster did not specify the use of a flue liner. Reliance argues that having undertaken to build the chimney and flue, Wilson was negligent in building it without a flue liner. We disagree. The record shows that Wilson built chimneys for Foster in the past without a flue liner. Foster testified his chimney at his home did not have a flue liner. Apparently Foster did not feel a flue liner was necessary. Foster provided the materials and the agreement was only for Wilson’s labor. Under these circumstances, we do not find the trial court committed manifest error.
For the foregoing reasons the judgment of the trial judge is affirmed. All costs of this appeal are assessed to Reliance Insurance Company.
AFFIRMED.